NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ALEX EDIN HERNANDEZ, | ) | No. C 02-04936 JF (PR) |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING MOTION |
| | ) | TO DISMISS; DENYING |
| vs. | ) | MOTION TO STRIKE |
| | ) | OPPOSITION |
| | ) | |
| J. MORROW, et al., | ) | |
| | ) | |
| Defendants. | ) | (Docket Nos. 30 & 41) |
| | ) | |

Plaintiff is state prisoner who is incarcerated at Pelican Bay State Prison ("PBSP"). In this pro se civil rights action under 42 U.S.C. § 1983, he alleges the violation of his constitutional rights by medical staff and prison officials at PBSP. All defendants except for Defendant James Morrow were dismissed from this action under Rule 4(m) of the Federal Rules of Civil Procedures. Defendant Morrow has filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b). (Docket No. 30.) Plaintiff filed an opposition to the motion and Defendant filed a reply.

Defendant's motion to strike Plaintiff's opposition as untimely (Docket No. 41) is DENIED in light of Plaintiff's pro se and incarcerated status.

///

**BACKGROUND**

Plaintiff alleges that in 1985 he suffered a gunshot wound to his back which required surgery and left him with chronic and severe lower back and leg pain. In 1999, while incarcerated at PBSP, he sought medical attention for the pain, which was not being alleviated by his prescribed medication. On his first visit to see PBSP doctor Dr. Morrow on September 7, 1999, his request for a double mattress to ease the pain and enable him to sleep through the night was denied, as was his request for an MRI. On his second visit to see Dr. Morrow because of continuing pain on September 27, 1999, his renewed request for an MRI was denied, and he was prescribed medication which he had told the doctor he had already been prescribed and did not ease the pain. Thereafter, Plaintiff received medical care from various other medical officials, including defendants Dr. Nguyen, Nurse Coleman, Dr. Winslow, and Correctional Officer Bruce, all of whom he alleges acted with deliberate indifference to his serious medical needs. These defendants have since been dismissed from this action, and only Plaintiff's claims against Defendant Morrow remain.

Defendant Morrow has filed a motion to dismiss on several grounds, including Plaintiff's failure to exhaust administrative remedies, failure to state a claim, failure to comply with the statute of limitations, and failure to properly serve Defendant Morrow. The Court will grant the motion for the reasons stated below.

**DISCUSSION**

A.   <u>Exhaustion</u>

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA") provides: "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and not left to the discretion of the district court. <u>Woodford v. Ngo</u>, 126 S. Ct. 2378, 2382 (2006).

1  Exhaustion is a prerequisite to all prisoner lawsuits concerning prison life, whether such
2  actions involve general conditions or particular episodes, whether they allege excessive
3  force or some other wrong, and even if they seek relief not available in grievance
4  proceedings, such as money damages. Porter v. Nussle, 534 U.S. 516, 524 (2002). An
5  action must be dismissed unless the prisoner exhausted his available administrative
6  remedies before he filed suit, even if the prisoner fully exhausts while the suit is pending.
7  McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002).

8  The Supreme Court has held the exhaustion requirement cannot be satisfied "by
9  filing an untimely or otherwise procedurally defective administrative grievance or
10 appeal." Woodford, 126 S. Ct. at 2382. Rather, "proper exhaustion" of available
11 administrative remedies is required. Id. at 2387. "Proper exhaustion demands
12 compliance with an agency's deadlines and other critical procedural rules because no
13 adjudicative system can function effectively without imposing some orderly structure on
14 the course of its proceedings." Id. at 2386 (footnote omitted); see Jones v. Bock, 127 S.
15 Ct. 910, 923 (2007) (holding prison's grievance process defines boundaries of proper
16 exhaustion).

17 The State of California provides its prisoners and parolees the right to appeal
18 administratively "any departmental decision, action, condition or policy perceived by
19 those individuals as adversely affecting their welfare." Cal. Code Regs. tit. 15, §
20 3084.1(a). In order to exhaust available administrative remedies within this system, a
21 prisoner must proceed through several levels of appeal: (1) informal review, (2) first
22 formal written appeal on a CDC 602 inmate appeal form, (3) second formal level appeal
23 to the institution head or designee, and (4) third formal level appeal to the Director of the
24 California Department of Corrections and Rehabilitation ("Director"). See Barry v
25 Ratelle, 985 F. Supp 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, §
26 3084.5). A final decision from the Director's level of review satisfies the exhaustion
27 requirement under § 1997e(a). See id. at 1237-38.

28 Administrative remedies may not be exhausted where the grievance, liberally

1 construed, does not have the same subject and same request for relief.  <u>See generally</u>
2 <u>O'Guinn v. Lovelock Correctional Center</u>, 502 F.3d 1056, 1062-63 (9th Cir. 2007) (even
3 with liberal construction, grievance requesting a lower bunk due to poor balance resulting
4 from a previous brain injury was not equivalent to, and therefore did not exhaust
5 administrative remedies for, claims of denial of mental health treatment in violation of the
6 ADA and Rehabilitation Act).

7       Defendant argues that Plaintiff never initiated administrative remedies against
8 Defendant Morrow for the two consultations which took place on September 7, 1998 and
9 September 27, 1999.  (Def.'s Mot. at 6.)  He contends that although Plaintiff filed several
10 administrative appeals during 2000, none of the appeals referenced or concerned
11 Plaintiff's visits with Defendant Morrow.  (<u>Id.</u> at 7.)  Plaintiff responds that he did not
12 need to file an administrative complaint as to Defendant's actions because "his allegation
13 in the complaint were addressed properly by Dr. Pistone on October 19, 1999."  (Pl.'s
14 Opp. at 6.)  Plaintiff claims that he "didn't have to nor couldn't had [sic] written [an]
15 administrative complaint [against Defendant Morrow] because his medical needs were
16 addressed" by Dr. Pistone within fifteen working days following his unsatisfactory
17 consultation with Defendant Morrow.  (<u>Id.</u>)  Defendant replies that Plaintiff's claim
18 against Defendant is based on the fifteen days of pain he allegedly suffered before the
19 other physician acted.  (Def.'s Reply at 3.)  Defendant contends that Plaintiff, therefore,
20 was first required to pursue an administrative grievance against Defendant Morrow in
21 order to pursue his claim that Defendant caused him to unnecessarily suffer pain.  (<u>Id.</u>)

22       Defendant's motion to dismiss must be granted because it is clear that Plaintiff did
23 not administratively exhaust his claim for damages against Defendant Morrow.  Plaintiff
24 admits that he received the proper medical treatment he sought from Dr. Pistone.
25 Therefore, the only relief he seeks in the instant complaint against Defendant Morrow is
26 for damages for the unnecessary pain he suffered during the delay.  However, Plaintiff
27 never filed an administrative grievance against Defendant Morrow for such relief.  The
28 administrative appeals he filed during 2000 did not mention Defendant Morrow's

1  allegedly inadequate consultations nor did Plaintiff seek damages thereon.  As such, it
2  cannot be said that Plaintiff's damage claims against Defendant Morrow were exhausted.
3  See generally O'Guinn, 502 F.3d at 1062, 1063.  Accordingly, Plaintiff's claims against
4  Defendant Morrow are DISMISSED for failure to administratively exhaust his remedies,
5  and Defendant's motion to dismiss is GRANTED.  (Docket No. 30.)  Having granted the
6  motion to dismiss for failure to administratively exhaust, it is unnecessary for this Court
7  to rule on Defendant's other grounds for dismissal.

## CONCLUSION

For the foregoing reasons, Defendant Morrow's motion to dismiss for failure to exhaust administrative remedies (Docket No. 30) is GRANTED.

This order terminates Docket Nos. 30 and 41.

IT IS SO ORDERED.

DATED: 8/26/08

JEREMY FOGEL
United States District Judge